SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JOSEPH H. HUYNH, DC #495403**
Assistant United States Attorney
Joseph.Huynh@usdoj.gov
405 E 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:25-cr-00415-MC |
| v. | **UNITED STATES'**<br>**SENTENCING MEMORANDUM** |
| **NICOLAS JAMES RODERICK,** | |
| **Defendant.** | |

Defendant Nicolas James Roderick was hiding 248.7 grams of cocaine in a box located in the trunk of his car. He obtained drugs every three weeks to sell to customers. For his actions, he must be held accountable. As a result, the Government recommends a low low-end guideline sentence of time served.

**I.     The Offense Conduct**

On February 7, 2024, law enforcement conducted surveillance in the vicinity of 1979 Pierce Street, in Eugene, Oregon, and observed a person remove a small brown box from a vehicle being driven by a drug trafficking suspect and the driver enter Defendant's Acura briefly then leave the area immediately.

/ / /

**United States' Sentencing Memorandum**                                                                                     **Page 1**

Law enforcement continued surveillance on the Acura and at approximately 4:14 p.m., observed the Acura pull into a parking lot in Springfield, Oregon. The driver's door and the trunk of the Acura were both open and the driver was seen standing at the trunk, however, law enforcement was unable to maintain constant visual of what the driver was doing. A few minutes later the Acura was observed leaving the parking lot with the same driver and surveillance continued.

At approximately 4:32 p.m., law enforcement conducted a traffic stop on the Acura in the area of Benson Lane in Eugene, Oregon, and identified Defendant, in his red flannel jacket and by his driver's license, as the lone occupant of the Acura. A law enforcement K-9 was deployed on the Acura and alerted to the trunk area of the vehicle. A cardboard box with gray duct tape was located in the trunk of the Acura. Inside the box was a vacuum-sealed chunk of a white substance, which weighed approximately half of a pound.

Law enforcement on scene mentioned to Defendant that if the substance was fentanyl, it could be very dangerous for his K-9 partner. Defendant told law enforcement that if it was anything it was cocaine. Law enforcement later field-tested the substance, which returned presumptive positive for cocaine and lab results showed a net weight of 248.7 grams.

Law enforcement advised Defendant of his Miranda Rights and was asked if he understood his rights. Defendant advised that he did. Law enforcement asked how much cocaine Defendant possessed to which he responded, "A quarter" (quarter of a kilogram or approximately half a pound). Defendant stated that he did not know the name of the person that he purchased the cocaine from but described him as a black male. Defendant estimated that he gets his cocaine from the same person approximately every three weeks. Defendant stated that he sells the cocaine to two customers of his own.

**United States' Sentencing Memorandum**                                                                                                          **Page 2**

II.     The Plea Agreement & Guideline Computations

On November 18, 2025, Defendant pled guilty to Count 1 of the Information, which charged him with possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Consistent with the plea agreement, the government recommends the following guidelines calculation:

| Enhancement | Government's Position |
|---|---|
| Base Offense Level USSG § 2D1.1(a)(5) | 18 |
| Safety Valve USSG § 2D1.1(b)(18) | -2 |
| Acceptance of Responsibility— USSG § 3E1.1(a) | -2 |
| Acceptance of Responsibility— USSG § 3E1.1(b) | -1 |
| Zero-point offender USSG § 4C1.1 | -2 |
| Total Offense Level | 11 |
| Early Resolution Variance § 3553 | -3 |
| **Adjusted Offense Level** | 8 |
| **Resulting Guideline Range** | 0 to 6 months (CH CAT I) |

The Government agreed in the plea agreement to recommend the low-end of the applicable guideline range. The Defendant agreed not to seek downward departures or adjustments but may seek a variance from the guideline range.

III.    Government's Recommended Sentence

Applying the 3553(a) factors for this case and consistent with the plea agreement, the Government is recommending the Court a sentence at the low-end of the applicable guideline range.

/ / /

/ / /

**United States' Sentencing Memorandum**                                                          Page 3

### A. The Nature and Circumstances of the Offense

Defendant preyed upon the addiction of others to benefit himself and his career as a drug trafficker. He possessed and distributed cocaine feeding the addiction of others for profit. The recommended sentence is sufficient to hold Defendant responsible for his actions, but is not greater than necessary.

### B. Defendant's History and Characteristics

To his credit, Defendant does not have any criminal history.

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

Trafficking in drugs destroys not only the lives of its victims, but also the families and communities impacted by it. Defendant's repeated actions of profiting through drug trafficking has fed drug addiction and help the epidemic destroying families and lives.

### D. The Need for the Sentence to Afford Adequate Deterrence

This Court's enforcing of the recommended low-end guideline range would allow Defendant to take full accountability and responsibility for his drug trafficking and hopefully deter him from continuing to do so in the future.

### E. The Need to Avoid Unwarranted Sentencing Disparities

Defendant is facing his first criminal conviction. Given the period of probation to follow, the sentence appears warranted and consistent with others sentenced for similar crimes according to the PSR (¶ 75).

/ / /

/ / /

/ / /

## IV.     Conclusion

Accordingly, for the reasons set forth above, the government respectfully recommends a sentence at the low-end of the guidelines resulting in a time served sentence followed by 3 years of supervised release.

Dated: February 25, 2026

                                          Respectfully submitted,

                                          SCOTT E. BRADFORD
                                        United States Attorney

                                        */s/ Joseph H. Huynh*
                                        JOSEPH H. HUYNH
                                        Assistant United States Attorney